# SECOND DEPARTMENT.

## GENERAL TERM, FEBRUARY, 1874.

---

### BROMLEY v. MILLER.

*Statute construction— Laws 1864, chap.* 311; 1872, *chap.* 680 — *Will of non-resi-
dent — proof of — power to executors to convey real estate.*     '2 T & C 575|
                                                                    37 Mis¹708|

The legal effect of the statutes in relation to wills made in other States (Laws
   1864, chap. 311; 1872, chap. 680) is to make an exemplified copy of such a
   will, and the proofs thereof, when recorded, equivalent to proof of the will
   in this State.

A resident of New Jersey, in her will, gave her executors power to convey her
   real estate. The will was proved in New Jersey and an exemplified copy,
   with the proofs certified by the surrogate of the county where the testator
   resided, recorded in the office of the surrogate of Kings county. *Held,* that
   a conveyance by the executors of testator's real estate in Kings county was
   valid.

CASE submitted without action.

A contract was entered into between the parties by which plain-
tiff agreed to sell and defendant to buy a house situated in the city
of Brooklyn. Plaintiff tendered a deed conveying said premises
which defendant declined to receive, on the ground that plaintiff's
title thereto was defective as to the undivided one-fourth part,
which had been conveyed to him by the executors under the will of
one Harriet E. Perry, deceased.

.Said Harriet E. Perry, who was seized of said fourth part in her
life-time, was a resident of Morris county, New Jersey, where she
died June 2, 1859. By her last will she authorized and empowered
her executors, in their discretion, to sell and convey, from time to
time at public or private sale all or any of her real estate. Her will
was proved before the surrogate of Morris county and was admitted
by him to probate July 6, 1859, and filed. Within three months
thereafter the said will was transmitted to the prerogative court at
Trenton, as required by the laws of New Jersey, and filed, and has

since remained there. There were three subscribing witnesses to the will, all of whom were living at the time of probate, but only one of them was examined as a witness thereto. It did not appear that the will was proved as a will of real estate.

An exemplified copy of said will and the proofs as certified by the surrogate of Morris county May 5, 1868, was recorded in the office of the surrogate of Kings county May 11, 1868, after which time the executors named in said will conveyed the one-fourth part in question to the plaintiff.

The questions submitted to the court were as follows :

1. Is the record of said will and proofs in the Kings county surrogate's office presumptive evidence of said will and of the due execution thereof for all the purposes intended by the act of April 23, 1864 (chap. 311) ? 2. Did the conveyance by said executors to Henry Bromley, the plaintiff, vest in him the interest of which Harriet E. Perry died seized ? 3. Will a conveyance by said Bromley to said Miller, the defendant, vest in said Miller a good and perfect title to the premises ?

*A. B. Capwell,* for plaintiff.

*Miller, Peet & Opdyke,* for defendant, cited, as to the proof of the will, 3 R. S. (5th ed.) 139; 144; Nixon's (New Jersey) Digest, 643, § 17, 644, § 19, 1032, § 24.

As to whether the executors could convey, *Conklin* v. *Egerton,* 21 Wend. 430 ; *Newton* v. *Bronson,* 13 N. Y. 587 *; Petersen* v. *Chemical Bank,* 32 id. 21; *Middlebrook* v. *Merchant's Bank,* 3 Keyes, 135 ; 4 Kent's Com. (11th ed.) 606 ; 2 id. 549 ; Story's Confl. of Law, chaps. XI and XII; *Young* v. *Brush,* 28 N. Y. 667 ; *White* v. *Howard,* 52 Barb. 306.

GILBERT, J. The legal effect of the statute of 1864 (Laws 1864, chap. 311 (as amended), Laws 1872, chap. 680) is to make an exemplified copy of a will made in another State or Territory of the United States, and the proofs thereof, when recorded, equivalent to proof of the will in this State. The statute is not express on this point, but such, we think, is the inference from the language employed; and it has been so regarded by the profession. Numerous titles rest upon this interpretation. We are not, therefore, disposed to indulge any verbal criticism, the effect of which would be to cast doubt upon the meaning attributed to the statute.

Treating the will as having been duly proved here, there can be no question that the title offered the defendant is good. The executors had power to sell and convey. The conveyance by them to Bromley, in execution of the power, vested the title in the latter, and a conveyance by Bromley to Miller will vest the title in Miller. The question, whether the executor of a foreign will can convey lands in this State, is not presented. Neither a foreign or domestic executor, as such, has power to convey lands. The conveyance, by the executors in this case, is operative only by virtue of the power of sale contained in the will. They act in conveying the land as devisees of a power created by the owner of the estate, and not under any authority derived from the probate court.

Judgment is, therefore, rendered against Miller, requiring him to complete his purchase, without costs.

*Judgment accordingly.*